IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| DEBORAH GRACE THIMSEN-VILLA, | ) | |
| | ) | CASE NO. BK09-41923-TJM |
| Debtor(s). | ) | A09-4066-TJM |
| CORY OVERTURF, individually, and | ) | |
| CORY DEVELOPMENT, INC., | ) | |
| a Nebraska corporation, | ) | |
| | ) | |
| Plaintiffs, | ) | CH. 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| DEBORAH GRACE THIMSEN-VILLA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the court on the plaintiffs' motion for summary judgment (Fil. #14). No resistance was filed. Gregory M. Neuhaus represents the debtor, and Stacie A. Goding represents the plaintiff. Evidence and a brief were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is granted.

The plaintiff Mr. Overturf was formerly married to the debtor. One of the debts incurred during their marriage was $66,408.00 in attorneys' fees for assistance with proceedings to move Ms. Thimsen-Villa's child from California to Nebraska. When the parties divorced in October 2008, the court divided that debt evenly between them and entered a judgment for Mr. Overturf against Ms. Thimsen-Villa in the amount of $33,204.00. The parties borrowed approximately $40,000.00 from a bank to pay the attorneys' fees. Mr. Overturf has made all of the payments to date on the bank loan, leaving a balance of $25,245.81 at the time Ms. Thimsen-Villa filed her bankruptcy petition in July 2009. He filed this adversary proceeding to except the debt from discharge under 11 U.S.C. § 523(a)(15), and now moves for summary judgment on the issue. Ms. Thimsen-Villa has not objected to the motion.

The following facts are not in dispute:

1. Mr. Overturf and Ms. Thimsen-Villa were married on July 21, 2007.

2. They divorced on October 8, 2008, in Clay County, Nebraska.

      3. Contained in the amended decree of dissolution of the parties' marriage was the following finding:

> That during the course of the marriage [Mr. Overturf] and [Ms. Thimsen-Villa] became liable to an attorney in the amount of $66,408. That the amount owed the attorney was for services rendered in a legal proceeding to allow [Ms. Thimsen-Villa] to move her child to the State of Nebraska. That [Mr. Overturf] is personally liable for such $66,408 debt. That the Court deems it appropriate that [Ms. Thimsen-Villa] should be held liable for one-half (½) of such debt, to-wit: $33,204. That [Mr. Overturf] should be given a judgment against [Ms. Thimsen-Villa] in the amount of $33,204.

Amended Decree, ¶ 8 (Fil. #18).

      4. Neither party was awarded alimony or spousal support.

      5. The District Court of Clay County, Nebraska, entered a judgment of $33,204 in favor of Mr. Overturf and against Ms. Thimsen-Villa on October 8, 2008.

      6. Ms. Thimsen-Villa filed her Chapter 7 bankruptcy petition on July 6, 2009.

      Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). The court must examine the record to ascertain whether the movant, through depositions, answers to interrogatories, admissions, affidavits, and other evidence, has demonstrated the absence of a genuine issue of material fact. Beard v. Banks, 548 U.S. 521, 529 (2006). If the movant has done so, then the non-moving party, bearing the burden of persuasion, must by affidavit or otherwise set forth specific facts showing that there is a genuine issue for trial. Id. To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." Crossley v. Georgia-Pac. Corp., 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs., 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

      Section 523(a)(15) provides that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
>
> . . .
>
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]

Under the Bankruptcy Code as it existed prior to October 2005, bankruptcy courts used to have to distinguish between support obligations and property settlements, because the dischargeability of such debts was treated differently. See the prior versions of 11 U.S.C. § 523(a)(5) and (15); Williams v. Williams (In re Williams), 703 F.2d 1055, 1056 (8th Cir. 1983) (whether a particular debt is a support obligation or part of a property settlement is a question of federal bankruptcy law, not state law). Courts were to look at the parties' intent and the function the award was intended to serve at the time of the divorce. Moeder v. Moeder (In re Moeder), 220 B.R. 52, 55 (B.A.P. 8th Cir. 1998) (citing Holliday v. Kline (In re Kline), 65 F.3d 749, 751 (8th Cir. 1995); Adams v. Zentz, 963 F.2d 197, 200 (8th Cir. 1992); Williams, 703 F.2d at 1056; Boyle v. Donovan, 724 F.2d 681, 683 (8th Cir. 1984)).

Now, however, the distinction between property settlements and support obligations is irrelevant for purposes of dischargeability.[1] The changes wrought by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") render all debts owed to a former spouse pursuant to a divorce decree non-dischargeable. Hon. William Houston Brown, Bankruptcy and Domestic Relations Manual § 1:3(b) (2006) ("Essentially, the combination of section 523(a)(5) and (15) excludes from discharge all marital and domestic relations obligations, whether support in nature, property division, or hold-harmless[.]").

While the language of § 523(a)(15) refers to debts to a spouse or former spouse, it generally is interpreted to extend to marital debts such as the attorneys' fees at issue here.

> [I]n the case of an obligation to pay a debt owed to a third party, it is the obligation to hold the spouse or former spouse harmless that is presumptively nondischargeable under this section. *See* 140 Cong. Rec. H10752, H10770. "A property settlement incorporated by a divorce decree that apportions third party debt to one spouse means that the obligor-spouse indemnifies the obligee-spouse in the event that the obligee is required to pay." *In re Sturdivant*, 289 B.R. 392, 399 (citing *Johnston v. Henson (In re Henson)*, 197 B.R. 299, 303 (Bankr. E.D. Ark. 1996)). This is true even if there is no "hold harmless" language in the decree or complaint. *Johnston* at 303 (interpreting Arkansas law) (citing *Thomas v. Thomas*, 246 Ark. 1126, 443 S.W.2d 534 (Ark. 1969); *Gatlin v. Gatlin*, 306 Ark. 146, 811 S.W.2d 761 (Ark.

---

[1] The distinction remains important for establishing the priority of a debt, as domestic support obligations have first priority. § 507(a)(1).

1991); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. First Nat'l Bank*, 774 F.2d 909 (8th Cir. 1985)).

Douglas v. Douglas (In re Douglas), 369 B.R. 462, 463-64 n.2 (Bankr. E.D. Ark. 2007); see also Bryan Mem'l Hosp. v. Allied Prop. & Cas. Sur. Co., 163 F. Supp. 2d 1059, 1069 (D. Neb. 2001) ("[W]here benefits have been received and retained under such circumstances that it would be inequitable and unconscionable to permit the party receiving them to avoid payment therefor, the law requires the party receiving and retaining the benefits to pay their reasonable value." )

Mr. Overturf has established that the debt at issue falls within the exception to discharge at § 523(a)(15). Ms. Thimsen-Villa has not demonstrated the existence of any material factual issue, so Mr. Overturf is entitled to summary judgment.

IT IS ORDERED: The plaintiffs' motion for summary judgment (Fil. #14) is granted. Separate judgment will be entered.

DATED:      April 20, 2010

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    Gregory M. Neuhaus
    *Stacie A. Goding
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.